UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:

Billy O. Johnson and
Stephanie Rensi Johnson,                Case No. 06-10674C-13

     Debtors

## OPINION AND ORDER

This post-BAPCPA Chapter 13 case before the court on August 22, 2006, for a hearing regarding confirmation of the Debtors' proposed plan and for consideration of the Standing Trustee's objection to confirmation of the plan. Jeffrey P. Farran appeared on behalf of the Debtors and Jennifer R. Harris appeared on behalf of the Trustee. The Trustee's objection was filed under section 1325(b) and raises the question of whether the plan provides that all of the Debtors' projected disposable income to be received in the applicable commitment period will be applied to make payments to unsecured creditors. For the reasons that follow, the objection will be sustained.

### FACTS

According to the B22C filed by the Debtors in this case, the Debtors are above-median-family-income debtors and have disposable monthly income of $158.33. The Debtors contend that their projected disposable income is $9,500.00 (60 times $158.33) and their plan proposes to pay that amount to unsecured creditors over the 60-month life of the plan.

The only dispute in this case involves the manner in which the Debtors computed their disposable monthly income in the B22C. According to the Trustee's objection, the Debtors deducted $200.00 more than they were entitled to deduct for transportation costs. The Trustee argues that the Debtors' disposable monthly income therefore actually is $358.33 and that the Debtors are required under section 1325(b) to commit a total of $21,499.80 (60 times $358.33) for payment to unsecured creditors.

The facts underlying the dispute regarding Debtors' transportation costs are not in dispute. The Debtors own two motor vehicles, a 2006 Toyota and a 1999 Ford. The Toyota is subject to a purchase money lien securing an indebtedness that is payable in monthly installments of $344.00 which are to be paid through the plan. There are no liens on the 1999 Ford and no payments are being made on the Ford.

The Debtors treated the Toyota as Vehicle No. 1 in filling out line 28 of the B22C which is captioned "Local Standards: transportation ownership/lease expense; Vehicle 1." On line 28 of the B22C, the Debtors listed the Local Standard ownership expense of $471.00[1] for the Toyota which they reduced by the $344.00 monthly payment on the Toyota for a net ownership deduction of $127.00 for the Toyota. The Trustee does not question the

---

[1] The $471.00 figure was derived from the IRS Local Transportation Expenses Standards - South Census Region which may be accessed from this court's website.

- 2 -

ownership deduction of $127.00 for the Toyota.

Line 29 of the B22C is captioned "Local Standards: transportation ownership/lease expense; Vehicle 2." The Debtors did not claim an ownership deduction on line 29 of the B22C for Vehicle 2 (the Ford), apparently based upon the assumption that the ownership deduction is not available because the Ford has no encumbrance and requires no monthly payments.[2] However, based upon section 5.8.5.5.2 of the Internal Revenue Service's Internal Revenue Manual, the Debtors did claim an additional operating expense of $200.00 for the Ford. The $200.00 additional operating expense was claimed on line 27 of the B22C which is captioned "Local Standards: transportation; vehicle operation/public transportation expense." Thus, instead of taking the Local Standard operating expenses deduction of $343.00[3] for two vehicles, the Debtors claimed a deduction of $543.00. The Trustee objects to the addition of $200.00 to the deduction on line 27, arguing that the additional operating expense may not be claimed under the rubric of the Local Standards.

## ANALYSIS

Because the Debtors are above-median-family-income debtors,

---

[2]The parties did not address whether such an assumption is correct and the court expresses no opinion regarding such an assumption.

[3]This figure also is derived from the IRS Local Transportation Standards - South Census Region.

section 1325(b)(3) requires that in computing Debtors' disposable income pursuant to section 1325(b)(2), the amounts "reasonably necessary to be expended" must be determined "in accordance with subparagraphs (A) and (B) of section 707(b)(2). . . . "

Section 707(b)(2)(A)(ii)(I) in pertinent part provides:

> "The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards . . . issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case. . . ."[4]

Since section 707(b)(2)(A)(ii)(I) provides that the debtor's monthly expenses "shall be" the "monthly expense amounts specified under the National Standards and Local Standards" the issue becomes whether the $200.00 additional operating expense claimed by the Debtors is an expense specified under either the National Standards or the Local Standards issued by the Internal Revenue Service.

The National and Local Standards are used by the IRS to help determine a taxpayer's ability to pay a delinquent tax liability. The National Standards issued by the IRS provide an allowance for

---

[4]This quotation omits the portion of section 707(b)(2)(A)(ii)(I) that reads "and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses" because it is conceded that the $200.00 deduction in question involves an allowance rather than an actual expense and because transportation expense is not encompassed by any of the categories specified by the IRS as Other Necessary Expenses. See Internal Revenue Manual, § 15.1.10 (05-01-2004).

- 4 -

five necessary expenses consisting of food, housekeeping supplies, apparel and services, personal care products and services and miscellaneous.[5] The specific amount of the allowance applies nationwide and is determined by the IRS from the Bureau of Labor Statistics Consumer Expenditure Survey and depends upon the family size and income level of the taxpayer. The Local Standards issued by the IRS establish standard amounts for housing and transportation expenses.[6] The transportation portion of the Local Standards consist of nationwide figures established by the IRS for ownership costs and additional amounts for monthly operating costs that are broken down by Census Region and Metropolitan Statistical area and vary according to the number of vehicles owned by the taxpayer. The amounts of the standards which the IRS has established as the National Standards and the Local Standards are published by the IRS in the form of tables or charts which set forth specific amounts that are the standard amounts for living, housing and transportation expenses. Stated another way, the National Standards and Local Standards are the amounts set forth in the IRS tables. See Internal Revenue Manual, § 5.15.1.1.5 (05-1-2004)(stating that "the actual standards" are set forth in an

---

[5] Internal Revenue Manual, § 5.15.1.8 (05-1-2004).

[6] Internal Revenue Manual, § 5.15.1.9 (05-01-2004).

exhibit[7] that contains the IRS tables).

The $200.00 additional operating expense at issue is not set forth in the tables for the Local and National Standards. Instead, the claimed deduction is based upon § 5.8.5.5.2[8] which is found in Chapter 8 of Part 5 of the Internal Revenue Manual. While § 5.8.5.5.2 appears to give IRS employees discretion to depart from the Local Standards in carrying out the work of the IRS, it is not a part of either the National or Local Standards issued by the IRS.

The relevant language of section 707(b)(2)(A)(ii)(I), in specifying the methodology for determining a debtor's expenses under that provision, refers only to the "National Standards" and the "Local Standards" and does not refer to or purport to include the numerous rules and practices specified throughout the Internal Revenue Manual. Specifically, section 707(b)(2)(A)(ii)(I) provides that the debtor's monthly expenses "shall be" the applicable monthly expenses "specified under the National Standards and Local

---

[7]The exhibit referred to is Exhibit 5.15.1-2 (05-01-2004) which provides instructions for on-line access to "Allowable Expense Tables (Collection Expense Standards)" as follows: 1. Enter http://www.irs.gov/ ; 2. Under Contents click on Individuals; and 3. Click on Collection Financial Standards.

[8]The language of § 5.8.5.5.2 relied upon by the Debtors provides:

> Therefore, in situations where the taxpayer owns a vehicle that is currently over six years old and/or has reported mileage of 75,000 miles or more, an additional operating expense of $200 will generally be allowed for the collection period that remains after the loan/lease has been 'retired' plus the operating expense."

Standards. . . ." If this statutory language is given its plain meaning, the expenses that are mandated as the debtor's monthly expenses are the standard amounts that are applicable to the debtor in accordance with the tables issued by the IRS as the National and Local Standards. The disputed $200.00 additional operating expense was not taken from either of the tables that contain the National and Local Standards and hence is not a monthly expense of the Debtors under section 707(b)(2)(A)(ii)(I).[9] In addition to being consistent with the statutory language, this result also appears to advance one of the underlying purposes of the statute. The reference to the National and Local Standards in section 707(b)(2)(A)(ii)(I) apparently was intended to provide a set of standard expenses that could be easily and uniformly applied by the courts. To read section 707(b)(2)(A)(ii)(I) as adopting the entire Internal Revenue Manual as the source for determining a debtor's monthly expenses would frustrate such purpose and increase the difficulty already inherent in interpreting and applying revised sections 1325(b) and 707(b)(2).

For the foregoing reasons, the Trustee's objection shall be

---

[9]The court is aware of other decisions in which the $200.00 additional operating expense appears to have been approved. See In re Carlin, ___ B.R. ___, 2006 WL 2398750 (Bankr. D. Or. 2006); In re Barraza, 346 B.R. 724, 729 (Bankr. N.D. Tex. 2006); In re McGuire, 342 B.R. 608, 612 n.11 (Bankr. W.D. Mo. 2006). However, for the reasons stated above, the court respectfully declines to follow those decisions.

sustained and confirmation of the Debtors' proposed plan shall be denied.

IT IS SO ORDERED.

This **6th** day of October, 2006.

*/s/ William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

SERVED ON ALL PARTIES IN INTEREST